810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SALERNO, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Respondent-Appellee.
 No. 85-3639.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1986.
 
 Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from dismissal of a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254. The petitioner was found guilty of two counts of first degree murder and sentenced to two consecutive terms of life imprisonment. The Ohio Court of Appeals affirmed the conviction and the Ohio Supreme Court denied review.
 
 
 2
 In seeking a writ of habeas corpus the petitioner set forth 15 separate grounds, many of which related to alleged errors in the application of the law of Ohio and were not therefore proper grounds for federal habeas corpus relief. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir.1984), cert. denied, 105 S.Ct. 1747 (1985). The district court concluded that the petitioner had exhausted his state remedies with respect to all claims of error and proceeded to consider each one separately.
 
 
 3
 On appeal the petitioner argues the same grounds as presented to the district court and we conclude, in agreement with the district court, that many of the issues related to jury instructions in the Ohio trial court do not raise issues cognizable in federal habeas corpus. Henderson v. Kibbe, 431 U.S. 145 (1977); Cupp v. Naughten, 414 U.S. 141 (1973). The one claim which raises a constitutional issue concerns an instruction to the effect that "every person capable of reasoning is presumed to intend the probable and natural consequences of his voluntary acts." No objection was made to this instruction, which was given some years before the Supreme Court's decision in Sandstrom v. Montana, 442 U.S. 510 (1979). The district court applied the "cause" and "prejudice" analysis prescribed by the Supreme Court in Wainwright v. Sykes, 433 U.S. 72 (1977), and found that while there was cause for petitioner's counsel to fail to make an objection, there was no prejudice. In reaching this conclusion the district court looked at the jury instructions as a whole and concluded that "the balance of the jury instruction concerning the elements of first degree murder, including malice and premeditation, cured any defect in the purpose and intent instruction." The petitioner argues that the district court erred in applying the cause and prejudice standard to this case, contending that prejudice should be presumed when there is a clear constitutional violation. We disagree, and find that the district court properly construed controlling decisions.
 
 
 4
 The court has carefully considered all of the claims put forward by the petitioner and concludes that the district court did not err in dismissing the application for a writ of habeas corpus and we affirm for the reasons set forth in the memorandum and order of District Judge Ann Aldrich filed March 19, 1985.
 
 
 5
 The judgment of the district court is affirmed.